IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IRA B. ROBINS,

                        Plaintiff,                          OPINION AND ORDER

        v.
                                                            12-cv-378-wmc

DAVID G. DEININGER, MICHAEL BRENNAN,
GERALD C. NICHOL, THOMAS BARLAND,
THOMAS CANE and TIMOTHY VOCKE,

                        Defendants,

---

Plaintiff Ira Robins has brought this action seeking a declaration nullifying the results of the May 8, 2012 Democratic primary recall election for six elected offices in Wisconsin and an injunction halting the June 5, 2012 general election for these offices. After considering Robins' complaint and attached materials, the court concludes he fails to state a claim upon which relief may be granted.

Robins, who finished third in the Democratic primary for lieutenant governor, argues that defendants, members of the state's Government Accountability Board (GAB), violated his Fourteenth Amendment due process rights by allowing "protest candidates" to appear on the Democratic primary ballot even though those candidates were not actually Democrats.  In support of his claim, Robins asserts that the GAB violated various Wisconsin statutes by receiving the protest candidates' nomination papers and publishing ballots labeling them as Democratic Party candidates despite knowing that they were actually Republicans.  *See* Wis. Stat. §§ 12.05, 12.13.[1]

---

[1] Robins has also filed a motion to disqualify the Wisconsin Department of Justice from representing defendants because of "the highly partisan nature of the case and the

To the extent that Robins claim in based on an alleged violation of state statutes, it fails to state a claim under § 1983; whether a case "involved elections does not matter." *Kasper v. Bd. of Election Com'rs of City of Chicago*, 814 F.2d 332, 341 (7th Cir. 1987).

Nor does Robins raise any other basis for a federal due process claim. The Constitution grants states broad power to prescribe the "Times, Places and Manner of holding Elections for Senators and Representatives," Art. I, § 4, cl. 1, and this "power is matched by state control over the election process for state offices." *Wash. State Grange v. Wash. State Republican Party* 552 U.S. 442, 451 (2008). Therefore, "[o]nly in extraordinary circumstances will a challenge to a state . . . election rise to the level of a constitutional deprivation." *Shannon v. Jacobowitz*, 394 F.3d 90 (2nd Cir. 2005) (quoting *Curry v. Baker*, 802 F.2d 1302, 1314 (11th Cir. 1986)). Nothing in the complaint articulates any plausible basis for the drastic remedies Robins seeks. On the contrary, the State's decision to accept properly executed nomination papers at face value appears prudent, since purporting to divine the "true" motives and political allegiance of so-called protest candidates may well be fraught with its own set of practical and legal questions.

Accordingly, this action will be dismissed for failure to state a claim upon which relief may be granted, and his motions for injunctive relief and for the disqualification of the Department of Justice will be denied as moot. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case sua sponte "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid).

---

Republican affiliation of the Attorney General." Dkt. 5. While this motion appears frivolous on its face, the court will deny it as moot in light of its ruling on the merits.

ORDER

IT IS ORDERED that:

1)  This action is DISMISSED for failure to state a claim upon which relief may be granted.

2)  Plaintiff Ira Robins' motions for injunctive relief, dkt. 1, and for the disqualification of the Department of Justice, dkt. 5, are denied as moot.

Entered this 4th day of June, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge